2/21/2017 3:23:00 PM
17CV07879

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| TODD WHITE, as personal representative to the ESTATE OF JANICE WHITE, | Case No.: **17CV07879** |
| Plaintiff, | COMPLAINT (Breach of Contract, Negligence, Tortious Breach of Fiduciary Duty) |
| v. | CLAIM NOT SUBJECT TO MANDATORY ARBITRATION |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY dba GEICO, a Maryland corporation, | JURY TRIAL REQUESTED |
| Defendant. | Prayer Amount: $127,000.00 Fee Authority: Or Laws 2012, Ch. 48 Sec. 2; ORS 21.160(1)(c) |

FOR HIS FIRST CLAIM FOR RELIEF, PLAINTIFF ALLEGES:

(Breach of Contract)

1.

At all times mentioned herein, Defendant GEICO was and is a Maryland corporation, authorized to issue automobile insurance policies in the State of Oregon.

2.

Defendant issued an auto insurance policy, policy no. 4011-71-15-63, to Plaintiff's decedent for the policy period of September 6, 2012 through March 6, 2013

3.

On or about October 15, 2012, Plaintiff's decedent was involved in a motor vehicle collision wherein she was alleged to have been at-fault for the incident, with said incident allegedly causing injuries to Mr. Joshua Burdette.

Page 1 –COMPLAINT (Breach of Contract, Negligence, Tortious Breach of Fiduciary Duty)

**S L P** Swanson | Lathen | Prestwich | PC
THE PERSONAL INJURY LAW FIRM

3040 Commercial St SE, Suite 200 · Salem, Oregon 97302 · TEL: 503.581.2421 · TOLL-FREE: 1.800.422.4041 · FAX: 503.588.7179

4.

On or about October 13, 2014, attorney Kathryn Jackson, on behalf of Mr. Joshua Burdette, filed suit against Plaintiff's decedent (then still living) for injuries and damages, including medical expenses, wage loss, property damage and general damages in the total amount of $9,900.00, allegedly stemming from the October 15, 2012 accident.  Ms. Jackson later served Plaintiff's decedent with summons on or about October 21, 2014.

5.

Sometime after receiving service of summons for the above-referenced lawsuit, Plaintiff's decedent tendered defense and indemnity of the matter to Defendant GEICO, as per her automobile insurance contract referenced above.  Thereafter, Defendant GEICO accepted said tender and undertook the defense and indemnity of the claim by Mr. Burdette against Plaintiff's decedent.

6.

In the collision involving Plaintiff's decedent and Mr. Burdette, Plaintiff's decedent's vehicle sustained approximately $2,966.01 in property damage and Mr. Burdette's vehicle sustained approximately $3,454.58 in property damage.

7.

Prior to filing the lawsuit described above, Ms. Jackson, on behalf of Mr. Burdette, made a settlement demand to Defendant GEICO and Plaintiff's decedent in the amount of $10,000.00, for Mr. Burdette's injuries and damages allegedly sustained in the October 15, 2012 incident; and Defendant GEICO made a settlement offer of $3,500.00.

///

///

Page 2 – COMPLAINT (Breach of Contract, Negligence, Tortious Breach of Fiduciary Duty)

Swanson | Lathen | Prestwich | PC
THE PERSONAL INJURY LAW FIRM
3040 Commercial St SE, Suite 200 · Salem, Oregon 97302 · TEL: 503.581.2421 · TOLL-FREE: 1.800.422.4041 · FAX: 503.588.7179

Exhibit B
Page 2 of 11

8.

On or about August 25, 2015, Plaintiff's decedent and Mr. Burdette participated in a court-mandated arbitration hearing with attorney Kevin Crawford serving as arbitrator. Plaintiff's decedent was represented by Mark Monson, Defendant GEICO's staff counsel, and Mr. Burdette was represented by Ms. Jackson. Mr. Crawford found Plaintiff's decedent to be negligent in the October 15, 2012 collision and ruled in favor of Mr. Burdette, awarding him $5,650.00 in damages and attorney fees of $5,902.50, for a total award of $11,552.50. Defendant GEICO, on behalf of Plaintiff's decedent, appealed the decision *de novo* and requested a jury trial.

9.

On February 13, 2016, Plaintiff's decedent died.

10.

In late February 2016, Plaintiff contacted Defendant GEICO's staff counsel, attorney Mark Monson, to report that Plaintiff's decedent had died and to verify the status of the Burdette lawsuit pending against Plaintiff's decedent. Mr. Monson informed Plaintiff that since Plaintiff's decedent had died she would not be available as a witness and that he would settle the case, and that no further action on his part on behalf of his mother's estate was necessary.

11.

On or about March 9, 2016, Defendant GEICO renewed its offer to Mr. Burdette to settle his claim for $3,500.00.

12.

On or about May 12, 2016, Defendant GEICO first informed Mr. Burdette's counsel, Ms. Jackson, that Plaintiff's decedent had died on February 13, 2016, and authorized Ms. Jackson to

Page 3 – COMPLAINT (Breach of Contract, Negligence, Tortious Breach of Fiduciary Duty)

Swanson | Lathen | Prestwich | PC
THE PERSONAL INJURY LAW FIRM
3040 Commercial St SE, Suite 200 · Salem, Oregon 97302 · TEL: 503.581.2421 · TOLL-FREE: 1.800.422.4041 · FAX: 503.588.7179

1   substitute Plaintiff, as personal representative to the Estate of Janice White, as Defendant in the

2   *Burdette v. White* matter so as to not postpone a July 2016 trial date.  GEICO informed Jackson

3   that it would not set-up the estate and it would be Jackson's responsibility to do so.

4                                                  13.

5          On or about June 10, 2016, Plaintiff, by and through attorney Maria Schmidlkofer, filed a

6   *Small Estate Affidavit* as claiming successor to the Estate of Janice J. White, i.e. Plaintiff's

7   decedent, relying on Defendant GEICO's representation that the *Burdette v. White* lawsuit would

8   be settled the prior February and that no further action was necessary on his part.

9                                                  14.

10         On or about June 22, 2016, Defendant GEICO represented to Marion County Circuit

11  Court judge, the Honorable Sean E. Armstrong, that defense counsel would substitute the Estate

12  of Janice White, as defendant in the *Burdette v. White* matter in place of Plaintiff's decedent.

13  Defendant GEICO never contacted Plaintiff about the court's ruling nor advised him of the need

14  to substitute the Estate of Janice White in place of Plaintiff's decedent in the *Burdette v. White*

15  lawsuit.

16                                                 15.

17         On or about June 30, 2016, Judge Sean Armstrong ordered Defendant GEICO and

18  Plaintiff to make the van Plaintiff's decedent was driving at the time of the collision available for

19  inspection by Ms. Jackson and Mr. Burdette.

20                                                 16.

21         Sometime thereafter, Defendant GEICO, through Mr. Monson, contacted Plaintiff to

22  advise him of the ordered inspection.  This was the first that Plaintiff had learned the case had

23  not settled.  GEICO told Plaintiff that Burdette and his lawyer were on a "fishing expedition" to

24

25  Page 4 – COMPLAINT (Breach of Contract, Negligence, Tortious Breach of Fiduciary Duty)

26                    Swanson | Lathen | Prestwich | PC
                      THE PERSONAL INJURY LAW FIRM

27          3040 Commercial St SE, Suite 200 · Salem, Oregon 97302 · TEL: 503.581.2421 · TOLL-FREE: 1.800.422.4041 · FAX: 503.588.7179

28

1  find any damage on the van and argue that it stemmed from the accident at issue.  GEICO further

2  told Plaintiff that making the van available would be harmful to Plaintiff's decedent's case.

3  Plaintiff inquired whether he needed to produce the van and GEICO asked whether Plaintiff had

4  been served with paperwork.  Plaintiff told GEICO he had not been served and, in response,

5  GEICO told him he need not produce the van for inspection despite Judge Armstrong's order to

6  the contrary.

7                                                17.

8         Defendant GEICO, through Monson, contacted Plaintiff in a follow-up phone call.

9  GEICO asked where the van was located.  Plaintiff advised he still had the van but planned to

10  sell it.  GEICO asked if the van was repaired following the accident.  Plaintiff said he did not

11  know.  GEICO repeated that Burdette and Jackson were on a fishing expedition and that it would

12  be harmful to Plaintiff's decedent's case to produce the van.  Plaintiff again told GEICO he had

13  planned to sell the van and had gotten the okay from the Estate lawyer to do so.  GEICO advised

14  Plaintiff that was "not a bad idea."  Plaintiff asked if it would be a problem to do so and GEICO

15  told him "no" and advised him it would "probably be better" if he sold it.  GEICO did not advise

16  Plaintiff of the court's order to produce the van.  Plaintiff subsequently sold the van pursuant to

17  GEICO's representation.

18                                                18.

19         Plaintiff subsequently received notices and/or subpoenas to produce the van.  Plaintiff

20  contacted GEICO and was told that so long as he did not get a subpoena fee, which he did not, he

21  was okay because the notice and/or subpoena were invalid.

22  ///

23  ///

24
25  Page 5 – COMPLAINT (Breach of Contract, Negligence, Tortious Breach of Fiduciary Duty)

26  Swanson | Lathen | Prestwich | PC
      THE PERSONAL INJURY LAW FIRM
27  3040 Commercial St SE, Suite 200 · Salem, Oregon 97302 · TEL: 503.581.2421 · TOLL-FREE: 1.800.422.4041 · FAX: 503.588.7179

28

19.

On or about July 5, 2016, Defendant GEICO told Ms. Jackson that Plaintiff had refused to produce the van for the July 7, 2016 inspection.  Plaintiff did not refuse inspection of the van.

20.

On or about July 6, 2016, Defendant GEICO told Ms. Jackson that Plaintiff had reported that the van been repaired and that said repairs had been done following a hearing on Mr. Burdette's motion to compel production for inspection of said van, and that Plaintiff thereafter had sold the van and refused to produce it for inspection.  Plaintiff did not refuse inspection of the van.

21.

On or about August 3, 2016, Ms. Schimdlkofer first learned of the *Burdette v. White* lawsuit as Defendant GEICO had not contacted her regarding said matter and Plaintiff continued to rely on Defendant GEICO's February, June and July 2016 representations that the matter had been resolved or would be resolved.

22.

On or about August 5, 2016, Ms. Schmidlkofer advised both Defendant GEICO and Ms. Jackson that the *Small Estate Affidavit* had been filed to administer the Estate of Janice White, Plaintiff's decedent.  Ms. Schmidlkofer also advised them that if the *Burdette v. White* lawsuit did not settle, thus requiring the filing of a full probate for the Estate of Janice White, the Estate would unnecessarily incur considerable additional costs and expenses, as well as, prolong the Estate matter for at least nine more months before finalization.  Ms. Schmidlkofer also encouraged Defendant GEICO and Ms. Jackson to settle the *Burdette v. White* lawsuit so as to

Page 6 – COMPLAINT (Breach of Contract, Negligence, Tortious Breach of Fiduciary Duty)

Swanson | Lathen | Prestwich | PC
THE PERSONAL INJURY LAW FIRM

3040 Commercial St SE, Suite 200 · Salem, Oregon 97302 · TEL: 503.581.2421 · TOLL-FREE: 1.800.422.4041 · FAX: 503.588.7179

1  not incur said additional costs, expenses and time and requested that if the suit did not settle, that

2  one or both parties would reimburse the Estate for these additional costs and expenses.

3                                                                 23.

4  On or about August 3, 2016, Defendant GEICO advised Ms. Jackson that it would not pay the

5  additional expenses that the Estate of Janice White would incur if the *Burdette v. White* lawsuit

6  did not settle and suggested that Mr. Burdette would be responsible to pay them.  Ms. Jackson,

7  on behalf of Mr. Burdette also refused to pay the additional expenses the Estate of Janice White

8  would incur but, as a matter of compromise, agreed to accept the arbitration award of $5,650.00,

9  and would compromise the amount of her awarded attorney fees.  Defendant GEICO rejected

10  both the award and payment of any fees.

11                                                                 24.

12         On or about September 9, 2016, Defendant GEICO informed Ms. Jackson that Mr.

13  Burdette was responsible for any additional and unnecessary expenses the Estate of Janice White

14  would incur if the *Burdette v. White* matter did not resolve.  Defendant GEICO then offered to

15  settle the matter for $4,500.00 in general damages and $3,000.00 in attorney fees, contingent

16  upon Mr. Burdette and Ms. Jackson signing a Release assuming responsibility for the additional

17  expenses incurred by the Estate of Janice White because the lawsuit had not settled.

18                                                                 25.

19         On or about October 14, 2016, Ms. Jackson advised Defendant GEICO that she was

20  willing to accept $7,500.00, without delineating the allocation of that amount between her and

21  Mr. Burdette, but that she would not sign the Release with the provisions referenced in paragraph

22  24 above.

23  ///

24
25  Page 7 – COMPLAINT (Breach of Contract, Negligence, Tortious Breach of Fiduciary Duty)

26                          Swanson | Lathen | Prestwich | PC
27                          THE PERSONAL INJURY LAW FIRM
                            3040 Commercial St SE, Suite 200 · Salem, Oregon 97302 · TEL: 503.581.2421 · TOLL-FREE: 1.800.422.4041 · FAX: 503.588.7179
28

26.

Mark Monson was an employee of Defendant GEICO at all times mentioned herein and acted within the course and scope of that employment. Said actions also were part of a systemic procedure employed by Defendant GEICO to pay as little as possible on claims and to refuse to fairly handle the resolution of claims.

27.

Defendant GEICO breached its insurance contract with Plaintiff's decedent in the following particulars:

(1)   In failing to settle the *Burdette v. White* lawsuit when it advised Plaintiff that it had done so or would do so;

(2)   In failing to settle the *Burdette v. White* lawsuit when it knew, or reasonably should have known, that a failure to settle said suit would result in additional expenses and costs to the Estate of Janice White;

(3)   In failing exercise ordinary care to reasonably negotiate and resolve the *Burdette v. White* lawsuit when it knew, or reasonably should have known, that a failure to settle said suit would result in additional expenses and costs to the Estate of Janice White; and,

(4)   In failing to advise Plaintiff the *Burdette v. White* lawsuit had failed to resolve when it knew, or reasonably should have known, the Estate of Janice White would incur additional expenses and costs by transforming the Estate from a Small Affidavit Estate to a full probate matter.

///

///

Page 8 – COMPLAINT (Breach of Contract, Negligence, Tortious Breach of Fiduciary Duty)

28.

As a result of Defendant GEICO's breach, Plaintiff, on behalf of the Estate of Janice White, has incurred economic losses the form of estate and/or pension taxes in the approximate amount of $15,000.00, estate attorney fees in the approximate amount of $10,000.00, and litigation expenses in the approximate amount of $2,000.00.

29.

Plaintiff has complied with all conditions precedent.

30.

Plaintiff is entitled to a reasonable amount as and for his attorney fees pursuant to ORS 742.061.

FOR HIS SECOND CLAIM FOR RELIEF, PLAINTIFF ALLEGES:

(Negligence and Tortious Breach of Fiduciary Duty)

31.

Plaintiff realleges paragraphs 1-30 above.

32.

Defendant GEICO and Plaintiff's decedent had a "special relationship" by nature of the insurance contract referenced above.  Said special relationship required Defendant GEICO to defend and indemnify Plaintiff's decedent for any claim stemming from an auto accident in which Plaintiff's decedent was alleged to be negligent and owe damages to another person.  Said special relationship also created a fiduciary duty that Defendant GEICO owed to Plaintiff's decedent.

///

///

Page 9 – COMPLAINT (Breach of Contract, Negligence, Tortious Breach of Fiduciary Duty)

33.

Defendant GEICO was negligent and tortuously breached its fiduciary duty to Plaintiff's decedent in the following particulars:

(1)  In failing to settle the *Burdette v. White* lawsuit when it advised Plaintiff that it had done so or would do so;

(2)  In failing to settle the *Burdette v. White* lawsuit when it knew, or reasonably should have known, that a failure to settle said suit would result in additional expenses and costs to the Estate of Janice White;

(3)  In failing exercise ordinary care to reasonably negotiate and resolve the *Burdette v. White* lawsuit when it knew, or reasonably should have known, that a failure to settle said suit would result in additional expenses and costs to the Estate of Janice White; and,

(4)  In failing to advise Plaintiff the *Burdette v. White* lawsuit had failed to resolve when it knew, or reasonably should have known, the Estate of Janice White would incur additional expenses and costs by transforming the Estate from a Small Affidavit Estate to a full probate matter.

34

As a result of Defendant GEICO's negligence and/or its tortious breach of fiduciary duty, Plaintiff, on behalf of the Estate of Janice White, has incurred economic losses the form of estate and/or pension taxes in the approximate amount of $15,000.00, estate attorney fees in the approximate amount of $10,000.00, and litigation expenses in the approximate amount of $2,000.00.

///

Page 10 – COMPLAINT (Breach of Contract, Negligence, Tortious Breach of Fiduciary Duty)

Swanson | Lathen | Prestwich | PC
THE PERSONAL INJURY LAW FIRM
3040 Commercial St SE, Suite 200 · Salem, Oregon 97302 · TEL: 503.581.2421 · TOLL-FREE: 1.800.422.4041 · FAX: 503.588.7179

1        35.

2        As a further result of Defendant GEICO's negligence and/or its tortious breach of

3   fiduciary duty, Plaintiff individually, and on behalf of the Estate of Janice White, has incurred

4   general damages in the form of inconvenience and interference with his normal activities, all to

5   his general damage in the amount of $100,000.00.

6        36.

7        Plaintiff is entitled to a reasonable amount as and for his attorney fees pursuant to ORS

8   742.061

9        WHEREFORE, Plaintiff prays for judgment against Defendant GEICO as follows:

10       (1) For his economic damages in the amount of $27,000.00;

11       (2) For his general damages in the amount of $100,000.00; and,

12       (3) For his reasonable attorney fees pursuant to ORS 742.061, and his costs and

13            disbursements incurred herein.

14   DATED this ___ day of February, 2017.

15                    Respectfully submitted,

16                    SWANSON, LATHEN, PRESTWICH, P.C.

17

18                    _____

19                    Travis S. Prestwich, OSB No. 003617
                      Of Attorneys for Plaintiff
20                    travis@slamlaw.com

21

22

23

24
     Page 11 – COMPLAINT (Breach of Contract, Negligence, Tortious Breach of Fiduciary Duty)
25

26                    Swanson | Lathen | Prestwich | PC
                      THE PERSONAL INJURY LAW FIRM
27        3040 Commercial St SE, Suite 200 · Salem, Oregon 97302 · TEL: 503.581.2421 · TOLL-FREE: 1.800.422.4041 · FAX: 503.588.7179

28